# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| JORDAN OUTDOOR ENTERPRISES, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 4:06-cv-65 CDL |
| ) | |
| WORLD FAMOUS SPORTS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER FINDING DEFENDANT WORLD FAMOUS SPORTS IN CONTEMPT

This matter is before the Court upon Plaintiff's Motion to Find Defendant in Contempt of the Court's Permanent Injunction Order (Doc. 13) and Defendant's response thereto. Plaintiff also filed a reply. The Court, having heard the evidence in this case and the argument of counsel, enters the following order.

The Court finds that the facts that are relevant to the Court's determination as to whether Plaintiff's Motion for Contempt should be granted are essentially undisputed. The facts are clear that Defendant knew and was aware that Jeff Burleson was in Defendant World Famous Sport's booth at the 2008 SHOT Show selling and offering to the public product that contained Jordan Outdoor's copyrighted camouflage patterns. The testimony and evidence have been clear that Defendant knew that Burleson was selling and offering to the public product that contained Jordan Outdoor's copyrighted camouflage patterns in its booth and that Defendant took no steps to prevent that from occurring. Those facts are undisputed in the present record.

The question the Court must resolve is whether the Consent Final Judgment and Permanent Injunction Order (Doc. 12) dated February 26, 2007 prohibited that conduct and required Defendant to prevent someone such as Burleson, a sales agent representing World

Famous Sports and other companies selling Jordan Outdoor's patterns, from selling and displaying Jordan Outdoor copyrighted camouflage patterns in the World Famous Sports booth.

The judgment and permanent injunction required or provided, among other things, that Defendant and any persons or entities controlled directly or indirectly by Defendant were permanently enjoined and restrained from, among other things, offering to the public, selling, or offering for sale, items bearing or decorated with Jordan Outdoor's copyrighted camouflage patterns, derivatives of Jordan Outdoor's copyright camouflage patterns, or any pattern substantially similar to Jordan Outdoors' copyright camouflage patterns, including but not limited to any Realtree or Advantage camouflage pattern. The Court's judgment and permanent injunction order further provided that Defendant and any persons or entities controlled directly or indirectly by Defendant are permanently enjoined and restrained from knowingly allowing any persons or entities which they control, either directly or indirectly, to engage in any of the activities prohibited by the permanent injunction.

The permanent injunction clearly required that World Famous Sports not allow any persons directly or indirectly under its control to display, sell, or offer to the public any items containing the Jordan Outdoor copyrighted camouflage patterns. It is clear from the order that this conduct was prohibited and that World Famous Sports could not knowingly permit persons under its control to engage in this prohibited conduct.

It is clear that Burleson, for purposes of displaying items in the World Famous Sports booth at the 2008 SHOT Show, was not only directly under the control of World Famous Sports but that at any time World Famous Sports could have withdrawn its permission to allow him to sell items in the World Famous Sports booth and that World Famous Sports controlled what Burleson did in the World Famous Sports booth. Therefore, by knowingly allowing Burleson to

2

sell, offer for sale, and display Jordan Outdoor copyrighted camouflage pattern product, Defendant has clearly violated the Court's judgment and permanent injunction dated February 26, 2007.

The Court therefore finds that Plaintiff should be awarded damages for Defendant's violation of the Court's permanent injunction. The Court determines that in deciding the amount of damages the Court should look at the statutory damages provisions of the Copyright Act to determine what the damages should be in this particular situation for violation of the permanent injunction.

The Court finds that under that Act, the statutory damages shall be no less than $750 and no more than $30,000 for each work infringed. *See* 17 U.S.C. § 504(c)(1) (2006). The Court finds in this case that there are two infringements, one infringement for the Max One pattern at the 2008 SHOT Show; and two, infringement for the Hardwoods HD pattern at the 2008 SHOT Show. The Court finds that in this case the appropriate damages are $5,000 per infringement, for a total of $10,000 in damages. The Court does not find that the violation of the injunction was willful at this time.

The Court further finds that Plaintiff should also recover its reasonable attorney's fees and expenses in having to bring this motion. The Court finds that those reasonable fees and expenses are $18,182.01. Therefore, Plaintiff is hereby awarded a total of $28,182.01. Defendant shall pay this amount to Plaintiff within twenty (20) days of the date of this order.

The Court further orders that Defendant shall destroy any infringing products that it continues to have in its possession or control and that it shall permit Plaintiff to inspect any of Defendant's facilities where it may possess products that are in violation of the permanent injunction order. Plaintiff's inspection of Defendant's facilities shall be scheduled through

counsel to occur within the next thirty (30) days during normal business hours. Plaintiff shall be entitled to be on Defendant's premises for a reasonable time within which to complete the inspection, not to exceed eight (8) hours unless mutually agreed by the parties or ordered by this Court. Plaintiff shall not disrupt Defendant's business operations while undertaking the inspection.

The Court finally reminds Defendant that the permanent injunction continues to be in effect and that if there are further violations of this injunction in the future the Court is likely to find the damages suffered by Plaintiff to be substantially in excess of what the Court has found today.

SO ORDERED, this 22nd day of May, 2008.

        S/Clay D. Land
        CLAY D. LAND
        UNITED STATES DISTRICT JUDGE